**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21446-CIV-ALTONAGA/Goodman**

**UNITED STATES OF AMERICA**,

     Plaintiff,

v.

**MIRIAM PARDO**; **CALIBER HOME LOANS, INC.**; and **REGIONS BANK**,

     Defendants.
_____/


**ORDER**

**THIS CAUSE** came before the Court on the United States' Motion for Summary Judgment [ECF No. 41], filed September 26, 2019. The Government filed this action[1] to foreclose a criminal restitution judgment lien it obtained in case number 18-cr-20504-Moreno,[2] against property owned by Defendant, Miriam Pardo. (*See* Compl. [ECF No. 1]). On October 29, 2019, Pardo filed her Response [ECF No. 45] opposing entry of summary judgment. Plaintiff filed its Reply [ECF No. 46] on November 5, 2019. The Court has carefully reviewed the parties' written submissions and applicable law. Because the Court finds that there is no material fact in dispute, judgment will be entered in favor of the United States as a matter of law.


**I.    BACKGROUND**

On August 23, 2018, Pardo pleaded guilty in case number 18-cr-20504-Moreno, to conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. section 371. (*See*

---

[1] The Government voluntarily dismissed Defendants Caliber Home Loans, Inc. [ECF No. 23] and Regions Bank [ECF No. 32].

[2] Citations to docket entries in 18-cr-20504 are denoted with "CR ECF No."

Plea Agreement [CR ECF No. 23]). In the Plea Agreement, Pardo agreed to the entry of a forfeiture money judgment in the amount of $125,990.00, the sum of money equal in value to the gross proceeds traceable to the commission of the violation to which she pleaded guilty. (*See id.* ¶ 17). In addition, Pardo agreed restitution was mandatory and to the imposition of a restitution judgment in the amount of $1,016,724.97. (*See id.* ¶ 22).

On October 31, 2018, Pardo was sentenced to sixty (60) months' imprisonment and ordered to pay restitution in the amount of $1,016,724.97, plus statutory interest under 18 U.S.C. section 3612. (*See* J. [CR ECF No. 40]). The Judgment describes how Pardo shall make payments while incarcerated and during the period of supervised release that follows. (*See id.* 6). The Judgment further states such "payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." (*Id.*).

On March 13, 2019 the United States recorded a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (Notice of Lien) in Official Records Book 31362, Page 4209 of the Public Records of Miami-Dade County, Florida to perfect the lien against Pardo's property interests. (*See* Compl., Ex. B [ECF No. 1-6]). At the time of recording the Restitution Lien, Pardo was and remains the owner of a parcel of real property ("Property") in Miami-Dade County, Florida. The parcel is improved as a single-family home, located at 7281 SW 9 St, Miami, Florida, 33144, and more specifically described as follows:

> Lot 2, Block 2, SUNSET HEIGHTS, according to the Plat thereof, as recorded in Plat Book 46 at Page 74, of the Public Records of Miami-Dade County, Florida.

(*See id.*, Ex. C [ECF No. 1-7]). The Restitution Lien is valid and attaches to and encumbers the entirety of Pardo's interest in the Property.

Since restitution was ordered, Pardo has been credited with payments of $50.00. (*See* Decl. of Rolando Leon [ECF No. 41-1] ¶ 3). The balance owed is $1,042.237.42, including accrued statutory interest. (*See id.*). Consequently, the Government filed this action to foreclose its criminal restitution judgment lien against the Property owned by Pardo. (*See generally* Compl.).

Defendant, Caliber Home Loans, Inc., has an interest in the Property as a result of the mortgage it holds which was recorded in the public records. (*See id.* ¶ 6). Defendant, Regions Bank, also has an interest in the Property as a result of the mortgage it holds which was recorded in the public records. (*See id.* ¶ 7). The Government acknowledges Caliber Homes and Regions Bank have superior mortgages on the Property and they should be paid the remaining balance owed on the mortgages from the sale proceeds. (*See* Mot. 1).

In opposition to the requested summary judgment, Pardo states: in her criminal case she never had the opportunity to object to the Presentence Investigation Report; and she never agreed to pay the amount listed in the restitution order, only agreeing to pay the amount listed in the Plea Agreement under a payment plan once she was released from prison. (*See generally* Resp.).

## II.   STANDARD

Summary judgment may only be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court draws all reasonable inferences in favor of the party opposing summary judgment. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th

Cir. 2000).

## III. DISCUSSION

The United States brought this foreclosure action to enforce its criminal restitution lien against Pardo. *See* 18 U.S.C. §§ 3613(a), (f); and 3664 (m)(1)(A)(i) and (ii); 26 U.S.C. § 7403; 28 U.S.C. §§ 2001–2003. Specifically, the Government is enforcing a federal restitution lien under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. sections 3663A–3664. Under 18 U.S.C. section 3613(f), "[i]n accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution." *Id.* (alteration added). A restitution lien statutorily arises against a defendant's property interests at sentencing, and the lien is treated like a federal tax lien. *See* 18 U.S.C. §§ 3613(c), (f). Indeed, a sentencing court's restitution judgment can reach any property the IRS can reach to satisfy a tax lien, and the United States' lien reaches every interest in property a debtor may have. *See United States v. De Cespedes*, 603 F. App'x 769, 771 (11th Cir. 2015) (citation omitted).

State law determines the extend of a debtor's interest in property, while federal law determines the consequence of property interests. *See United States v. McArthur*, 7 F. Supp. 3d 1220, 1222 (S.D. Ala. 2014) (citation omitted). In enforcing a restitution lien under the MVRA, the United States may use any federal or state procedure available, including federal foreclosure law. *See* 18 U.S.C. §§ 3613(a), (f); 18 U.S.C. §§ 3664 (m)(1)(A)(i) and (ii); 26 U.S.C. § 7403; 26 U.S.C. §§ 2001–2003. In ordering the judicial sale of real property, federal courts have broad discretion in setting the terms and conditions of sale. *See* 28 U.S.C. § 2001(a) (stating the "sale shall be on such terms and conditions as the court directs"); *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968) (court's decree controlling upon parties and fixes their rights and obligations (citations omitted)); *United States v. Rodgers*, 461 U.S. 677 (1983).

Here, it is undisputed a restitution lien arose against Pardo in the amount of $1,016,724.97, plus statutory interest, when she was sentenced on October 31, 2018. *See* 18 U.S.C. §§ 3613(c), (f). The outstanding restitution balance is $1,042,237.42, including statutory interest. It is also undisputed that the United States perfected its restitution lien against Pardo's real property interests by virtue of its Notice of Lien on March 13, 2019. *See id.* § 3613(d). In opposition to the requested summary judgment, Pardo raises no triable issues of fact; as it is immaterial whether she ever objected to the Presentence Investigation Report, agreed to pay the amount appearing in the restitution order, or believed she would enter a payment plan once she was no longer in custody. "While restitution seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice (DOJ)." *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) (citations omitted).

Accordingly, it is **ORDERED AND ADJUDGED** that the United States' Motion for Summary Judgment **[ECF No. 41]** is **GRANTED**. Judgment shall be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 12th day of November, 2019.

                                              **CECILIA M. ALTONAGA**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record; Defendant, *pro se*